UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL THOMAS GAUSSIRAN, <br><br> Defendant. | Case No.: CR 16-00739-CJC <br><br> ORDER GRANTING THE GOVERNMENT'S MOTION TO ADMIT RULE 404(B) EVIDENCE |

## I. INTRODUCTION AND BACKGROUND

On October 19, 2016, the Government filed an indictment against Defendant, charging him with the following four counts: (1) possession of fifteen or more unauthorized access devices, in violation of 18 U.S.C. § 1029(a)(3); (2) aggravated

identity theft in violation of 18 U.S.C. § 1028A(a)(1); (3) possession with intent to use or transfer unlawfully at least five identification documents, in violation of 18 U.S.C. § 1028(a)(3); and (4) possession of stolen mail in violation of 18 U.S.C. § 1708. (Dkt. 10.) Trial on these charges is set for February 13, 2018, and the Government moves to admit certain evidence pursuant to Federal Rule of Evidence 404(b). (Dkt. 50.)

The charges arise out of a search conducted by Ventura Police Department Officer Rogelio Nunez on September 12, 2016. (*Id*. at 2.) On that day, Officer Nunez searched both Defendant's person and his car. (*Id*. at 3.) On Defendant's person, Officer Nunez found mail and a credit card in the names of other people. (*Id*.) In Defendant's car, Officer Nunez recovered, as relevant here, several large garbage bags filled with mail, checks, and access devices, in the names of other people, along with several postal keys. (*Id*.) In total, more than 1,000 pieces of mail were recovered from the search. (*Id*.)

According to the Government, law enforcement reviewed the pieces of mail, contacted their owners, and confirmed that the owners had not given Defendant permission to possess or use their mail. (*Id*.) Law enforcement also obtained surveillance footage and payment records from local retailers, which revealed that Defendant had previously made purchases using some of the access devices that were recovered in the search. (*Id*. at 4.)

Defendant plans to argue at trial that he lacked knowledge of the stolen items found in the car and that he did not intend to possess or use the items. To prove Defendant's knowledge and intent, the Government seeks to admit evidence, pursuant to Federal Rule of Evidence 404(b), that Defendant previously possessed and used similar stolen items. Specifically, the Government seeks to admit evidence of the following convictions: (1) Defendant's 2006 state conviction for using the identification of another to obtain credit, (2) Defendant's 2006 state conviction for use of a driver's license to

commit forgery, (3) Defendant's 2006 state conviction for grand theft of access cards, and (4) Defendants' 2003 state conviction for theft using a forged or invalid credit card. The Government claims that in addition to knowledge and intent, this evidence tends to prove lack of mistake.

## II. LEGAL STANDARD

Under Federal Rule of Evidence 404(b), evidence of a prior conviction or other wrong is not admissible to prove that the defendant is a bad person who "acted criminally on the occasion at issue." *United States v. Martinez*, 182 F.3d 1107, 1111 (9th Cir. 1999). In other words, the evidence "is not admissible to prove the character of an accused in order to show action in conformity with that character." *United States v. Arambula-Ruiz*, 987 F.2d 599, 602 (9th Cir. 1993). "However, Rule 404(b) also sets forth an exception which allows the admission of prior [or subsequent] conduct for the purposes of proving motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." *Id*. The Ninth Circuit has "uniformly recognized that the rule is one of inclusion and that other acts evidence is admissible whenever relevant to an issue other than the defendant's criminal propensity." *United States v. Mehrmanesh*, 689 F.2d 822, 830 (9th Cir. 1982).

To demonstrate that the evidence is offered for a permissible reason, the Government must show "that the evidence (1) proves a material element of the offense for which the defendant is now charged, (2) if admitted to prove intent, is similar to the offense charged, (3) is based on sufficient evidence, and (4) is not too remote in time." *United States v. Ramirez-Robles*, 386 F.3d 1234, 1242 (9th Cir. 2004). "The government must also show that the evidence satisfies Federal Rule of Evidence 403 such that its probative value is not outweighed by its prejudicial effect." *Id*.

## III. DISCUSSION

Evidence of Defendant's four prior convictions is admissible to prove intent, knowledge, and absence of mistake, under Rule 404(b). The prior convictions involve possession of access devices or counterfeit access devices in other people's names in order to obtain credit, commit forgery, and otherwise defraud. The acts underlying the prior convictions are similar to acts Defendant is charged with in the instant case— possession of unauthorized access devices, aggravated identity theft, possession with intent to use or transfer unlawfully identification documents, and possession of stolen mail. The prior convictions therefore tend to prove the material elements that Defendant knew he possessed the stolen items at issue in this case and intended to use them to defraud others. In the same vein, the prior convictions tend to prove that Defendant knew how to use stolen mail and credit cards to defraud and commit identity theft.

The prior convictions are also based on sufficient evidence and are not too remote in time. There is no concern about the sufficiency of the evidence because Defendant was convicted for the prior acts. *United States v. Vo*, 413 F.3d 1010, 1019 (9th Cir. 2005) ("[T]here is no issue about the sufficiency of evidence of the prior bad act because [defendant] was convicted in state court."); *see also United States v. Howell*, 231 F.3d 615, 628–29 (9th Cir. 2000). There might be some concern about the remoteness of the prior convictions, but this concern is outweighed by the similarity between the prior convictions and the instant charges. *Vo*, 413 F.3d at 1019 ("[I]f the prior act evidence in this case is sufficiently similar to the charged conduct it may render it probative despite the passage of time.") (citations and quotations omitted). Defendant was convicted of the prior acts ten to thirteen years before the date of the acts charged here. Although the passage of time is not insignificant, the crux of the prior convictions and the instant charges are the same. Namely, Defendant possessed and used other people's credit cards and identification documents with an intent to defraud. For this reason, the probative

value of the prior convictions is high, and outweighs any concern about remoteness. *Id.* (admitting evidence of a thirteen-year-old conviction because the prior act evidence was sufficiently similar to the charged conduct).

The probative value of the prior convictions is not substantially outweighed by the danger of unfair prejudice. There is minimal risk that evidence of the prior convictions will be emotionally charged or inflammatory. While the unlawful conduct of using another person's identity is reprehensible, it is not of a violent or otherwise inflammatory nature. In addition, the evidence does not create a risk of confusion, as the prior conduct occurred on separate occasions several years ago. The evidence also will not require significant time to present at trial. Moreover, any potential prejudice to Defendant will be mitigated through a limiting instruction to the jury.

## IV. CONCLUSION

For the foregoing reasons, the Government's motion to admit Rule 404(b) evidence is GRANTED.

DATED: February 5, 2018

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE